United States District Court
Southern District of Texas
**ENTERED**
January 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUIS VALANTEE TATE,<br>TDCJ #2199238 | § | |
| | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-55 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Marquis Valantee Tate, a Texas state inmate proceeding *pro se*, has filed a

Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C.

§ 2254, challenging his seven 2018 convictions and life sentences for aggravated

sexual assault. (Dkt. 1). After considering the pleadings, all matters of record, and

the applicable law pursuant to Rule 4 of the Rules Governing Section 2254

Proceedings in the United States District Courts, the Court will dismiss this case for

the reasons explained below.

## I.    BACKGROUND

In May 2018, Tate was convicted of seven counts of aggravated sexual assault

in Cause Numbers 1513402, 1513401, 1513400, 1513399, 1512765, 1512046, and

1513398 in Harris County and sentenced to life in prison. *See* Inmate Information

Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Jan. 11, 2022). (Dkt. 1, pp. 1-2). In his current petition, Tate alleges that the State suppressed cell phone records that would have proved his innocence. (*Id.* at 6). He does not explain how the records would have established his innocence or when he learned of these allegedly suppressed records.

Absent from Tate's current petition is any mention of his having previously filed a federal habeas petition attacking the same convictions. (*Id.* at 7). But the Court's records show that Tate has filed at least 11 federal habeas petitions challenging these same 7 convictions and sentences. *See, e.g., Tate v. Director*, Civil No. H-20-1917 (S.D. Tex. Mar. 1, 2021) (dismissing habeas claims on the merits); *Tate v. Lumpkin*, Civil No. H-21-340 (S.D. Tex. Apr. 5, 2021) (dismissing habeas claims as barred by limitations); *Tate v. Lumpkin*, Civil No. H-21-354 (S.D. Tex. Nov. 22, 2021) (dismissing habeas petition as an unauthorized successive petition); *Tate v. Lumpkin*, Civil No. H-21-cv-1106 (S.D. Tex. Apr. 29, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-1985 (S.D. Tex. July 7, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-2402 (S.D. Tex. Aug. 5, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-2792 (S.D. Tex. Oct. 18, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-3516 (S.D. Tex. Nov. 1, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-3880 (S.D. Tex. Dec. 3, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-cv-4035 (S.D. Tex. Dec. 13, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-4240 (S.D. Tex. Jan. 6, 2022) (same).

Tate's current petition challenges these same convictions and raises an issue that has been previously raised and denied on the merits.

## II.    DISCUSSION

Tate's petition for federal habeas corpus relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). However, to file a second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies [AEDPA]'s gatekeeping requirements." *Id.* A prisoner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A). Absent such authorization, the action must be dismissed for lack of jurisdiction.

Because Tate has challenged these same convictions, and raised this same claim, in his previous federal habeas corpus petitions, his current petition is successive under 28 U.S.C. § 2244(b), and he must seek authorization from the Fifth Circuit before this Court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A). This Court has no record of an order from the Fifth Circuit authorizing Tate to file a successive petition, and Tate has not alerted the Court to the existence of such an order. Because Tate has not obtained such authorization, his petition will be dismissed as successive.[1]

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right,"

---

[1]The Court also notes that even if Tate had sought permission from the Fifth Circuit to file a successive petition, he would still have to show that his claims were not barred by AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d); *see also In re Raby*, 925 F.3d 749, 754 (5th Cir. 2019) (noting that a petitioner who meets the requirements for filing a second or successive petition "must also overcome the statutory time bar"). This Court has previously dismissed Tate's claims as barred by the AEDPA limitations period. *See Tate v. Lumpkin*, Civil No. H-21-340 (S.D. Tex. Apr. 5, 2021). However, because this Court has no jurisdiction to consider Tate's petition without authorization from the Fifth Circuit, the Court will not further address this alternative basis for dismissal.

28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). Because Tate has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    Tate's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED**

without prejudice as successive.

      3.     A certificate of appealability is **DENIED.**

The Clerk shall also send a copy of this order to the petitioner.

      SIGNED at Houston, Texas, on this 11th  day of January, 2022.


                                        DAVID HITTNER
                              United States District Judge